UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMON J. BURCHETT PHOTOGRAPHY, INC.,

                Plaintiff,

-against-

ONRAMP BITCOIN LLC,

                Defendant.

Case No. 1:23-cv-10121 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Simon J. Burchett Photography, Inc. ("Plaintiff") filed this case on November 17, 2023. Dkt. 1. The case was assigned to the undersigned on November 20, 2023, and the following day, the Court ordered the parties to appear for an initial pretrial conference on February 27, 2024. Dkt. 7.

      Defendant Onramp Bitcoin LLC ("Defendant") failed to answer the Complaint by the deadline set by Federal Rule of Civil Procedure ("Rule") 12, and Plaintiff filed a proposed certificate of default. Dkts. 9, 10, 13. The Clerk of Court entered a certificate of default on December 18, 2023. Dkt. 14. However, Defendant then moved to set aside its default on December 19, 2023 on the ground that the Court lacked personal jurisdiction, and because good cause was shown to set aside the default. Dkt. 15. The Court granted the motion on January 2, 2024, and directed Defendant to answer or otherwise respond to the Complaint by January 23, 2024. Dkt. 17.

      On January 10, 2024, before Defendant could file its answer or move to dismiss, Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). Dkt. 18. The notice was defective, as noted on the docket by the Clerk's Office. *Id.* The Court thus adjourned the initial pretrial conference *sine die* and "directed [counsel] to correct the filing error at ECF No. 18 no later than **February 12, 2024**." Dkt. 19. Plaintiff never did so, nor

1

did Defendant file its answer or otherwise respond to the Complaint.  As a result, on September 15, 2025, the Court directed the parties to properly refile the notice of voluntary dismissal on or before September 22, 2025, and warned that "[f]ailure to follow the Court['s] orders may result in dismissal for failure to prosecute."  Dkt. 20.  That date, too, passed without the parties correcting the filing error, communicating with the Court, or otherwise indicated that the case is proceeding.  As of today's date, Plaintiff has not responded to the Court's orders or otherwise indicated that it intends to pursue this action.

Rule 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Plaintiff has made no effort to prosecute this litigation or correct its filing error for more than a year and a half.  *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases where delays of "several months" warranted dismissal).  Plaintiff was given notice on September 15, 2025, that this action might be dismissed if it did not comply with Court orders, and Plaintiff still did not correct the filing deficiency.  Dkt. 20.

Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted). Finally, dismissal of the case is the very relief that Plaintiff was seeking when Plaintiff filed its notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) on January 10, 2024. Dkt. 18.

Therefore, the instant action is dismissed without prejudice pursuant to Rule 41(b). The Clerk of Court is respectfully directed to close the case.

Dated: September 23, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge